Filed 9/10/14  P. v. Wilson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LONNIE WILSON,<br><br>    Defendant and Appellant. | B254146<br><br>(Los Angeles County<br>Super. Ct. No. TA066833) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Lonnie Wilson appeals from an order denying his petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (Pen. Code, § 1170.126).[1] His appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) On April 14, 2014, we directed counsel to send the record and a copy of counsel's brief to appellant and notified appellant of his right to respond within 30 days. Appellant has made no response.

Appellant was convicted of failure to update his annual registration as a sex offender and failure to file a change of address as a sex offender (§ 290). He was sentenced to concurrent terms of 25 years to life in prison under the Three Strikes law, plus three consecutive five-year enhancements. We affirmed in an unpublished decision. (*People v. Wilson* (May 25, 2004, B167080).) As we noted in that decision, the trial court struck two of defendant's out-of-state rape convictions, but declined to strike his remaining strike convictions, which included "a juvenile adjudication for murder in 1974, and convictions for rape and molestation in 1977."

In 2013, appellant petitioned to have his sentence recalled under section 1170.126. The trial court denied the petition because the prior murder conviction made appellant ineligible for resentencing.

Section 1170.126 allows inmates serving an indeterminate life sentence imposed upon conviction of a felony or felonies that are not defined as serious or violent for purposes of the Three Strikes law to file a petition for a recall of sentence and request resentencing. (See § 1170.126, subd. (b).) One of the eligibility conditions for resentencing is that the inmate have no prior convictions for any of the offenses listed in section 667, subdivision (e)(2)(C)(iv). (§ 1170.126, subd. (e)(3).) Homicide offenses, as defined in sections 187 through 191.5, are listed as disqualifying crimes under section 667, subdivision (e)(2)(C)(iv)(IV). Appellant's juvenile adjudication for murder under section 187 makes him ineligible for resentencing.

Our review of the record reveals no arguable issues for appeal.

---

[1] Statutory references are to the Penal Code.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.